IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CARLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARNER ROBINS POLICE | : | |
| DEPARTMENT; JOHN WAGNER, in | : | |
| his individual and official capacity as | : | |
| former Chief of Police; CAPTAIN B. | : | CASE NO. 5:25-CV-63 (CAR) |
| STYLES, in his individual and official | : | |
| capacity as Captain; SEARGENT D. | : | |
| ADRIANCE, in his individual and | : | |
| official capacity as Seargent; LT. B. | : | |
| ROZIER, in his individual and official | : | |
| capacity as Lieutenant; OFFICER K. | : | |
| SIMS, in his individual and official | : | |
| capacity as an Officer; OFFICER A. | : | |
| BARNES, in his individual and official | : | |
| capacity as an Officer; and OFFICER | : | |
| K. HENDERSON, in his individual | : | |
| and official capacity as Officer; | : | |
| | : | |
| Defendants. | : | |

_____

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is *pro se* Plaintiff James Carlan's Motion to

Proceed *In Forma Pauperis* ("IFP").[1] Having reviewed Plaintiff's Affidavit, it

_____

[1] The Court notes Plaintiff is a frequent filer in this district. *See Carlan v. Ashford et. al.*, 5:24-CV-129 (CAR); *Carlan v. Bibb Cnty Sheriff's Office et al.*, 5:24-CV-453 (MTT); *Carlan v. Ashford et al.*, 5:25-CV-53 (CAR); and *Carlan v. Ashford et al.*, 5:25-cv-62 (CAR).

appears he is unable to pay the cost of commencing this action or the United States Marshal service fees.  Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 4] is **GRANTED**. Plaintiff, however, has brought claims that are barred by the applicable statute of limitations. Because any amendment would be futile, Plaintiff's Complaint must be **DISMISSED without prejudice** as frivolous.[2]

### I. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[3] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[4] The Court should accept statements

---

[2] Plaintiff prematurely served his Complaint on Defendants, and Defendants filed a Motion to Dismiss. Because the Court had not ruled on his Motion for IFP, Plaintiff's service of process is **VOID**, and Defendants' Motion to Dismiss [Doc. 2] is **DISMISSED without prejudice**.

[3] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[4] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

contained in an IFP affidavit, "absent a serious misrepresentation."[5] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[6]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of poverty. Plaintiff states that he is self-employed, has no monthly income, has a total of $1,987.00 in his personal and business bank accounts, and has $4,100.00 in monthly expenses.[7] Plaintiff attests he owns two vehicles, a 2002 Hyundai Santa Fe and a 2005 Hyundai Elantra, with a total value of about $3,000.00, and a home with a value of $3,500.00.[8] Plaintiff qualifies as a pauper under § 1915, and his Motion [Doc. 4] is **GRANTED**.

## II. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from

---

[5] *Id.*

[6] *Id.* (citation omitted).

[7] Plaintiff's Motion to Proceed IFP [Doc. 5].

[8] *Id.*

such relief.[9] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[10]

A claim is frivolous if it "lacks an arguable basis either in law or in fact."[11] The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."[12] Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[13] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[14] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that

---

[9] 28 U.S.C. § 1915(e)(2)(b).

[10] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[11] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008 (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[14] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[15] *Ashcroft*, 556 U.S. at 663.

supports a plaintiff's claims.[16] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[18] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[19] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[20]

### A. Factual Allegations and Plaintiff's Claims

Plaintiff's Complaint is based on events that occurred on August 7 and 8, 2020. On August 7, 2020, Plaintiff attended "a public city meeting" in order to address issues "including sexual abuse, prostitution, and possible human and underage trafficking" that Plaintiff claims he was forbidden to report.[21] Plaintiff alleges Defendant Chief John Wagner approached him at the meeting and

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[17] *Iqbal*, 556 U.S. at 678.

[18] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[19] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up).

[20] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

[21] Compl., pp. 2-3 [Doc. 1].

informed Plaintiff he was not allowed to speak publicly. The next day, six officers

with the Warner Robins, Georgia Police Department ("WRPD")—Defendants

Styles, Adriance, Rozier, Sims, Barnes, and Henderson—arrived at Plaintiff's

business and "unlawfully seized Plaintiff's business licenses, preventing Plaintiff

from lawfully operating [his] business."[22] Plaintiff alleges Defendants did "not

recognize Plaintiff's right to work and right to life without a license, and Plaintiff's

property has never been returned."[23] Plaintiff has sued the WRPD and the six

WRPD officers bringing claims under 42 U.S.C. § 1983 for violations of his First,

Fourth, Fifth, Eighth, and Ninth Amendment rights; conspiracy claims pursuant

to 42 U.S.C. §§ 1985 and 1986; and claims under federal criminal code 18 U.S.C. §§

241 and 242.[24] Plaintiff seeks $30,000,000.00 in compensatory damages and

$10,000,000.00 in punitive damages.

### B.  Analysis

Plaintiff's §§ 1983, 1985, and 1986 claims must be dismissed as frivolous

because his claims are barred under their applicable statutes of limitations.[25]

---

[22] *Id.* at p. 3.

[23] *Id.* at p. 4.

[24] In his Complaint, Plaintiff asserts claims under 28 U.S.C. §§ 241 and 242, but there are no such code sections. Based on Plaintiff's allegations, the Court assumes this is a typo, and Plaintiff attempts to assert conspiracy claims under 18 U.S.C. §§ 241 and 242.

[25] The Court also notes Plaintiff's claims against the WRPD would fail as a matter of law because it is well settled that a police department is not a legal entity capable of being sued. *See Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).

Plaintiff's claims arise out of events that occurred almost five years ago on August 7 and 8, 2020. The limitations period for filing §§ 1983 and 1985 claims is controlled by state law, which in Georgia is two years from the date the action accrued;[26] the limitations period for filing § 1986 claims is one year from the date the action accrued.[27] A claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him.[28] Here, the allegedly wrongful acts occurred on August 7 and 8, 2020. Thus, Plaintiff had until August 8, 2021, to file his § 1986 claims, and he had until August 8, 2022, to file his §§ 1983 and 1985 claims. Plaintiff did not file this suit until February 19, 2025, well outside the applicable statutes of limitations.

Plaintiff's claims for violations of federal criminal code 18 U.S.C. §§ 241 and 242 must be dismissed as frivolous because these criminal statutes do not provide Plaintiff with a private right of action.[29]

Generally, a *pro se* plaintiff must be given an opportunity to amend his complaint before the district court dismisses it.[30] But the Court need not allow an

---

[26] *See Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) (§ 1983 claims); and *Rozar v. Mullis*, 85 F.3d 556, 561 (1996) (§ 1985 claims).

[27] 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action accrued.").

[28] *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).

[29] *See, e.g., Green v. Brady*, Case No. 4:24-CV-053, 2024 WL 2192018, *2 (S.D. GA March 28, 2024) (citing *Sanders v. Carro*, 2024 WL 382454, at 2 (N.D. Ohio Feb. 1, 2024) ("Sections 241, 242, and 249 are criminal statutes and provide no private right of action to civil plaintiffs," and collecting cases).

[30] *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003).

amendment where such amendment would be futile.[31] "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."[32] Because Plaintiff's §§ 1983, 1985, and 1986 claims are barred by their applicable statutes of limitations, and Plaintiff cannot assert civil claims for violations of the federal criminal code 18 U.S.C. §§ 241 and 242, any amendment would be futile. Thus, Plaintiff's Complaint is hereby DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP [Doc. 3] is **GRANTED**, but Plaintiff's Complaint is hereby **DISMISSED without prejudice as frivolous.**

**SO ORDERED,** this 24th day of July, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[31] *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014 (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).
[32] *Id.*