IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CARLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARNER ROBINS POLICE | : | |
| DEPARTMENT; JOHN WAGNER, in | : | |
| his individual and official capacity as | : | |
| former Chief of Police; CAPTAIN B. | : | CASE NO. 5:25-CV-63 (CAR) |
| STYLES, in his individual and official | : | |
| capacity as Captain; SEARGENT D. | : | |
| ADRIANCE, in his individual and | : | |
| official capacity as Seargent; LT. B. | : | |
| ROZIER, in his individual and official | : | |
| capacity as Lieutenant; OFFICER K. | : | |
| SIMS, in his individual and official | : | |
| capacity as an Officer; OFFICER A. | : | |
| BARNES, in his individual and official | : | |
| capacity as an Officer; and OFFICER | : | |
| K. HENDERSON, in his individual | : | |
| and official capacity as Officer; | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING MOTIONS FOR HEARING AND RECONSIDERATION

Before the Court is *pro se* Plaintiff James Carlan's "Motion for Reconsideration Based on New Material Facts from Personal Knowledge, Due Process Violations, and Denial of Fundamental Rights; Demand for Hearing and Trial by Jury." Plaintiff seeks

1

reconsideration of the Court's Order granting his motion to proceed *in forma pauperis* ("IFP") but dismissing his claims without prejudice and without leave to amend his complaint because his claims are barred by the applicable statute of limitations. [Doc. 5]. For the reasons discussed below, Plaintiff's Motions for a Hearing and Reconsideration [Doc. 7] are **DENIED**.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.
[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. Plaintiff conclusively contends he has "new, material facts," and the Court committed "manifest errors or law and fact," but he points to no facts or errors that refute his claims are barred by their respective statutes of limitations. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7] This Court finds a hearing to be unnecessary.

Because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motions for a Hearing and Reconsideration [Doc. 7].

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions [Doc. 7].

**SO ORDERED,** this 14th day of August, 2025.

---

[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993).
[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

        s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT